UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KOLYA K. WILLIS,

                Plaintiff,

v.                                                     Case No. 23-cv-764-pp

ZACHARY J. SZALACINSKI
and JOSHUA J. HERAMANN,

                Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A

      Kolya K. Willis, who is incarcerated at McNaughton Correctional Center and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants used excessive force while arresting him. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On August 15, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $2.61. Dkt. No. 8. The court received that fee on August 30, 2023. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The complaint names as defendants Milwaukee Police Department officers Zachary J. Szalacinski and Joshua J. Heramann. Dkt. No. 1 at 1–2. The plaintiff alleges that at around 6:00 or 7:00 p.m. on July 18 (he does not say which year), he was at the intersection of 35th Street and Clybourn "on the main street by a park in[]front of a bunch of civilians." Id. at 2. The plaintiff got out of his car and ran from the officers. Id. He alleges that Officer Szalacinski chased and tackled him and then handcuffed him on the ground. Id. He alleges that Officer Heramann, Szalacinski's partner, "proceeded to hit [him] multiple times in a hammer like fashion while [he] was on the ground handcuffed." Id.

He says Heramann then "lifted [him] up against a chainlink fence and punched [him] one last time, dead in [his] face." Id. at 3. The plaintiff alleges that Szalacinski "watched as all of this happened to [him]." Id.

The plaintiff alleges that the officers violated his civil rights and "left [him] even more scared of the police." Id. He says that as a Black man, he already was "afraid of getting shot or beating [*sic*]." Id. The plaintiff seeks $200,000 in damages for his pain and suffering. Id. at 4.

C.  Analysis

The court reviews the plaintiff's allegations as a claim of excessive force during his arrest. This claim arises under the Fourth Amendment, which guarantees citizens the right "to be secure in their persons . . . against unreasonable . . . seizures" of the person. Graham v. Connor, 490 U.S. 386, 394 (1989); see Tennessee v. Garner, 471 U.S. 1, 7–8 (1985). Under the Fourth Amendment, the court applies an objective reasonableness test, considering the reasonableness of the force based on the events confronting the defendants at the time and not on their subjective beliefs or motivations. See Horton v. Pobjecky, 883 F.3d 941, 949–50 (7th Cir. 2018) (citing Graham, 490 U.S. at 396–97; County of Los Angeles v. Mendez, 581 U.S. 420, 426–27 (2017)). This test carefully balances "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Id. at 949 (quoting Graham, 490 U.S. at 396). The court must pay "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the

suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. The court must consider "the totality of the circumstances, including the pressures of time and duress, and the need to make split-second decisions under intense, dangerous, uncertain, and rapidly changing circumstances," without resort to "hindsight's distorting lens." Id. at 950 (citing Graham, 490 U.S. at 396; Ford v. Childers, 855 F.2d 1271, 1276 (7th Cir. 1988)).

The complaint provides little detail about the circumstances at the time of the plaintiff's arrest. The plaintiff does not say why the officers were chasing him, why he ran from them or whether he otherwise attempted to resist the arrest (for example, by fighting back). He alleges that his arrest occurred by a park and in front of "a bunch of civilians." But it is not clear whether he posed a danger or threat to the civilians. He does not say, for example, whether he had a weapon or had threatened anyone. He alleges that Szalacinski chased and tackled him and then handcuffed him on the ground. He does not say whether he resisted the handcuffing or fought the officer. These spare allegations suggest that at that point, the plaintiff was neutralized and was not a threat to bystanders, if ever he was one. He alleges that Heramann nonetheless began to hit him repeatedly while he was handcuffed and on the ground. He says Heramann then lifted him up against a chain link fence and punched him once more in the face, still while he was handcuffed. It is well-settled that the use of force on a handcuffed or subdued arrestee is unreasonable and excessive. See Gupta v. Melloh, 19 F.4th 990, 1001 (7th Cir.

5
Case 2:23-cv-00764-PP   Filed 09/15/23   Page 5 of 9   Document 9

2021) (citing Miller v. Gonzalez, 761 F.3d 822, 829 (7th Cir. 2014)) (reviewing case law holding that "significant force is unreasonable after a suspect is subdued or has stopped resisting or evading arrest"); Sallenger v. Oakes, 473 F.3d 731, 740 (7th Cir. 2007) (concluding that repeated punches and blows with a flashlight after suspect was handcuffed constituted unreasonable and excessive force). The court must accept the facts in the complaint as true for purposes of this decision. With that standard in mind, the court finds at this early stage of the litigation that the plaintiff has alleged sufficient facts to allow him to proceed on a Fourth Amendment claim of excessive force against Heramann.

The plaintiff has not alleged that Szalacinski hit him, either before or after he handcuffed the plaintiff. He alleges that Szalacinski stood by and watched his partner repeatedly punch the plaintiff and failed to intervene and stop him. Szalacinski may be held liable as a bystander if the officer "(1) had reason to know that a fellow officer was using excessive force or committing a constitutional violation, and (2) had a realistic opportunity to intervene to prevent the act from occurring." Lewis v. Downey, 581 F.3d 467, 472 (7th Cir. 2009); see Doxtator v. O'Brien, 39 F.4th 852, 864–65 (7th Cir. 2022).

The plaintiff alleges that Heramann began punching him immediately after Szalacinski handcuffed him, which might suggest that Szalacinski did not have time to react and stop Heramann or prevent the attack from occurring. But the plaintiff also alleges that Heramann then lifted him up and punched him again square in the face. These allegations suggest that enough time

6
Case 2:23-cv-00764-PP   Filed 09/15/23   Page 6 of 9   Document 9

passed during Heramann's repeated punches to allow Szalacinski time to step in and stop his partner. Whether Szalacinski "had sufficient time to intervene or was capable of preventing the harm caused by" Heramann will be a question for a jury. Doxtator, 39 F.4th at 865 (quotation omitted). The court will allow the plaintiff to proceed on a Fourth Amendment claim against Szalacinski for failing to intervene during Heramann's attack on the plaintiff.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on defendants Zachary J. Szalacinski and Joshua J. Heramann of the Milwaukee Police Department under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendants Szalacinski and Heramann to file a responsive pleading to the complaint.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$347.39** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Superintendent at McNaughton Correctional Center.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and completing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by incarcerated persons. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 15th day of September, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**